# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLAN LOYD CAGAS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>F/V PACIFIC HORIZON, IMO Number 8133023, her engines, tackle, apparel, furniture, and appurtenances, in rem; PACIFIC HORIZON FISHING, LLC (an unknown business entity), in personam; and DOES 1 through 20, inclusive,<br><br>Defendant. | Case No.:  3:20-cv-02111-BEN-KSC<br><br>**ORDER GRANTING JOINT MOTION TO EXTEND TIME FOR DEFENDANT TO RESPOND TO COMPLAINT**<br><br>**[ECF No. 3]** |

## I.    INTRODUCTION

Plaintiff Allan Lloyd Cagas, an individual ("Plaintiff") brings this action for personal injuries sustained while working at sea against Defendants F/V Pacific Horizon, IMO Number 8133023, her engines, tackle, apparel, furniture, and appurtenances, in rem, and Pacific Horizon Fishing, LLC, an unknown business entity ("PHF"), in personam (collectively, "Defendants").  ECF No. 1.  Before the Court is Plaintiff and Defendant PHF's Joint Motion to Extend Time for Defendant PHF to respond to the complaint (the "Joint Motion").  ECF No. 3.  After considering the papers submitted, supporting documentation, and applicable law, the Court **GRANTS** the Joint Motion.

-1-

## II.  BACKGROUND

On October 27, 2020, Plaintiff served his Seaman's Verified Complaint, alleging four claims for relief for: (1) Personal Injuries – Jones Act Negligence; (2) Unseaworthiness; (3) Maintenance and Cure; and (4) Unpaid Wages.  ECF No. 1.

On December 22, 2020, Plaintiff served Defendant PHF with the complaint, meaning Defendant's deadline to file a responsive pleading was January 8, 2021.  ECF No. 3 at 2, ¶ 1.  However, on January 7, 2021, Plaintiff and PHF filed a Joint Motion to Extend the Time for PHF to respond to the complaint until January 28, 2021.  *Id.* at ¶ 3.

## III.  LEGAL STANDARD

Rule 12 of the Federal Rules of Civil Procedure requires a defendant to file a responsive pleading within either (1) twenty-one days of being served with the summons and complaint or (2) sixty days after the request for a waiver was sent.  Pursuant to the Local Rules, "[e]xtensions of time for answering, or moving to dismiss a complaint will only be secured by obtaining the approval of a judicial officer, who will base the decision on a showing of good case."  S.D. Cal. Civ. R. 12.1.  Thus, "[i]n the Southern District, court approval is required for *any* extension of time to answer or move to dismiss the complaint."  Phillips, Virginia A., et al., *Rutter Group Prac. Guide: Fed. Civ. Pro. Before Trial*, § 8:913 (The Rutter Group April 2020).

## IV.  ORDER

The parties assert that good cause exists to grant the extension because of two intervening holidays as well as the fact that the captain of the vessel involved in the events described in the complaint has been at sea.  ECF No. 3 at 2, ¶ 5.  The Court finds good cause exists for the extension.  Thus, the Court **GRANTS** the Joint Motion.  Defendant PHF shall until <u>January 28, 2021</u> to respond to the complaint.

**IT IS SO ORDERED.**

 DATED:    January 11, 2021

**HON. ROGER T. BENITEZ**
United States District Judge

-2-