UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLAN LOYD CAGAS,<br><br>      Plaintiff,<br><br>v.<br><br>F/V PACIFIC HORIZON, IMO Number 8133023, her engines, tackle, apparel, furniture, and appurtenances, in rem; PACIFIC HORIZON FISHING, LLC (an unknown business entity), in personam,<br><br>      Defendants. | Case No.: 20cv2111-MMA(KSC)<br><br>**SECOND AMENDED SCHEDULING ORDER;**<br><br>**ORDER GRANTING THE PARTIES' JOINT MOTION TO EXTEND THE DEADLINES FOR COMPLETING FACT AND EXPERT DISCOVERY [Doc. No. 18.]** |

  Before the Court is the parties' Joint Motion to Extend Discovery, which requests that the Court extend the deadlines for the parties to complete fact and expert discovery by 60 days. [Doc. No. 18.] The reasons for the request are that: (1) plaintiff is recovering from surgery so more time is needed to assess the need for additional treatment and to conduct an independent medical examination; (2) the parties must accommodate the schedule of defendant's Rule 30(b)(6) witness due to COVID-19 and a pre-planned vacation; (3) taking plaintiff's deposition has been complicated by his remote location in the Philippines and now that COVID-19 travel restrictions have eased, counsel intend to travel to the Philippines to depose plaintiff and his treating physician(s);

(4) defense counsel's schedule has been impeded by family matters; and (5) discovery efforts have been impacted by the vessel's fishing schedule.  In addition, the parties have agreed to attend private mediation in May 2022.  [Doc. No. 18, at pp. 2-5.]

Good cause appearing, the parties' request for a 60-day extension of time to complete fact and expert discovery is GRANTED.  The Court will extend these deadlines as requested and adjust the date for the Mandatory Settlement Conference.  ***As outlined below, the remaining dates and deadlines in the current Amended Scheduling Order will remain the same.  However, at some later time, these dates and deadlines may be adjusted because the case was recently re-assigned to Judge Anello.***

Based on the foregoing, IT IS HEREBY ORDERED that:

1. All fact discovery shall be completed by all parties by **_May 27, 2022_**.  "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient time in advance of the cut-off date, so that it may be completed by the cut-off date, considering the times for service, notice and response as set forth in the Federal Rules of Civil Procedure.  Counsel shall promptly and in good faith meet and confer regarding all discovery disputes in compliance with Civil Local Rule 26.1(a).  The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process.   If the parties reach an impasse on any discovery issue, counsel shall file an appropriate motion within the time limit and procedures outlined in the undersigned magistrate judge's chambers rules.  A failure to comply in this regard will result in a waiver of a party's discovery issue.  Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.

2. The parties shall designate their respective experts in writing by **_June 3, 2022_**.  Pursuant to Federal Rule of Civil Procedure 26(a)(2)(A), the parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence.  This requirement is not limited to retained experts.  The date for exchange of rebuttal experts shall be by **_June 17, 2022_**.  The written

designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

3. By **_July 22, 2022_**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Federal Rule of Civil Procedure 37(c).

4. All other pretrial motions must be filed by **_August 1, 2022_**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The time between the date you request a hearing on a motion and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. Deadlines for filing motions *in limine* will be set by the district judge at the final Pretrial Conference.

5. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Federal Rules of Civil Procedure 26(a)(2)(D) and 26(e) by **_August 5, 2022_**.

6. All expert discovery shall be completed by all parties by **_September 2, 2022_**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery. Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Federal Rule of Civil Procedure 37, including a prohibition on the introduction of experts or other designated matters in evidence.

///

7. A Mandatory Settlement Conference shall be conducted on **September 19, 2022,** at **2:00 p.m.**, in the chambers of Magistrate Judge Karen S. Crawford. Counsel or any party representing himself or herself shall lodge confidential settlement briefs directly to chambers by **September 12, 2022**. All parties are ordered to read and to fully comply with the Chamber Rules of the assigned magistrate judge.

8. When filing a Motion for Summary Judgment and/or Adjudication, the parties need not file a separate statement of material facts absent prior leave of court.

9. In jury trial cases before the Honorable Roger T. Benitez, neither party, unless otherwise ordered by the Court, is required to file Memoranda of Contentions of Fact and Law pursuant to Civil Local Rule 16.1(f)(2).

10. Counsel shall comply with the pre-trial disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) by **November 7, 2022**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Federal Rule of Civil Procedure 37.

11. Counsel shall meet and take the action required by Civil Local Rule 16.1(f)(4) by **November 14, 2022**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Civil Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Federal Rule of Civil Procedure 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

12. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **November 21, 2022**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial

///

order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

13. The Proposed Final Pretrial Conference Order, including objections to any other parties' Federal Rule of Civil Procedure 26(a)(3) Pretrial Disclosures shall be prepared, served, and lodged with the assigned district judge by **November 28, 2022**, and shall be in the form prescribed in and comply with Civil Local Rule 16.1(f)(6).

14. The final Pretrial Conference is scheduled on the calendar of the Honorable Michael M. Anello on **December 5, 2022** at **10:30 a.m**.

15. All other terms and conditions of the Scheduling Order filed on March 25, 2021 [Doc. No. 11] remain the same.

IT IS SO ORDERED.

Dated:  March 29, 2022

Hon. Karen S. Crawford
United States Magistrate Judge