1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10

11

ALLAN LOYD CAGAS, an individual,

12

Plaintiff,

13

14

v.

15

F/V PACIFIC HORIZON, IMO Number

16

8133023, her engines, tackle, apparel,
furniture, and appurtenances, in rem;

17

PACIFIC HORIZON FISHING, LLC (an

18

unknown business entity), in personam;
and DOES 1 through 20, inclusive,

19

20

Defendant.

21

22

Case No. 3:20-cv-02111-MMA-KSC

*ADMIRALTY*

**STIPULATED PROTECTIVE
ORDER**

23      The Court recognizes that at least some of the documents and information

24  ("materials") being sought through discovery in the above-captioned action are, for

25  competitive reasons, normally kept confidential by the parties. The parties have agreed to

26  be bound by the terms of this Protective Order ("Order") in this action.

27      The materials to be exchanged throughout the course of the litigation between the

28  parties may contain trade secret or other confidential research, technical, cost, price,

1    marketing or other commercial information, as is contemplated by Federal Rule of Civil

2    Procedure 26(c)(1)(G). The purpose of this Order is to protect the confidentiality of such

3    materials as much as practical during the litigation. THEREFORE:

## DEFINITIONS

5        1.    The term "confidential information" will mean and include information

6    contained or disclosed in any materials, including documents, portions of documents,

7    answers to interrogatories, responses to requests for admissions, trial testimony, deposition

8    testimony, and transcripts of trial testimony and depositions, including data, summaries,

9    and compilations derived therefrom that is deemed to be confidential information by any

10   party to which it belongs.

11       2.    The term "materials" will include, but is not be limited to: documents;

12   correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other

13   material that identify customers or potential customers; price lists or schedules or other

14   matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks;

15   contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk

16   diaries; appointment books; expense accounts; recordings; photographs; motion pictures;

17   compilations from which information can be obtained and translated into reasonably usable

18   form through detection devices; sketches; drawings; notes (including laboratory notebooks

19   and records); reports; instructions; disclosures; other writings; models and prototypes and

20   other physical objects.

21       3.    The term "counsel" will mean outside counsel of record, and other attorneys,

22   paralegals, secretaries, and other support staff employed in the law firms representing the

23   parties: Banning LLP (Plaintiff) and Cox, Wootton, Lerner et al., (Defendants)

## GENERAL RULES

25       4.    Each party to this litigation that produces or discloses any materials, answers

26   to interrogatories, responses to requests for admission, trial testimony, deposition

27   testimony, and transcripts of trial testimony and depositions, or information that the

28   / / /

STIPULATED PROTECTIVE ORDER                                    CASE NO. 3:20-CV-02111-MMA-KSC

1 producing party believes should be subject to this Protective Order may designate the same

2 as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

3    a.    Designation as "CONFIDENTIAL": Any party may designate information as

4 "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the

5 unrestricted disclosure of such information could be potentially prejudicial to the business

6 or operations of such party.

7    b.    Designation as "CONFIDENTIAL - FOR COUNSEL ONLY": Any party

8 may designate information as "CONFIDENTIAL - FOR COUNSEL ONLY" only if, in

9 the good faith belief of such party and its counsel, the information is among that considered

10 to be most sensitive by the party, including but not limited to trade secret or other

11 confidential research, development, financial or other commercial information.

12    5.    In the event the producing party elects to produce materials for inspection, no

13 marking need be made by the producing party in advance of the initial inspection. For

14 purposes of the initial inspection, all materials produced will be considered as

15 "CONFIDENTIAL - FOR COUNSEL ONLY," and must be treated as such pursuant to

16 the terms of this Order. Thereafter, upon selection of specified materials for copying by the

17 inspecting party, the producing party must, within a reasonable time prior to producing

18 those materials to the inspecting party, mark the copies of those materials that contain

19 confidential information with the appropriate confidentiality marking.

20    6.    Whenever a deposition taken on behalf of any party involves a disclosure of

21 confidential information of any party:

22    a.    the deposition or portions of the deposition must be designated as containing

23    confidential information subject to the provisions of this Order; such

24    designation must be made on the record whenever possible, but a party may

25    designate portions of depositions as containing confidential information after

26    transcription of the proceedings; [A] party will have until fourteen (14) days

27    after receipt of the deposition transcript to inform the other party or parties to

28 / / /

1       the action of the portions of the transcript to be designated

2       "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

3    b.    the disclosing party will have the right to exclude from attendance at the

4       deposition, during such time as the confidential information is to be disclosed,

5       any person other than the deponent, counsel (including their staff and

6       associates), the court reporter, and the person(s) agreed upon pursuant to

7       paragraph 8 below; and

8    c.    the originals of the deposition transcripts and all copies of the deposition must

9       bear the legend "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL

10      ONLY," as appropriate, and the original or any copy ultimately presented to

11      a court for filing must not be filed unless it can be accomplished under seal,

12      identified as being subject to this Order, and protected from being opened

13      except by order of this Court.

14    7.    All confidential information designated as "CONFIDENTIAL" or

15 "CONFIDENTIAL FOR COUNSEL ONLY" must not be disclosed by the receiving party

16 to anyone other than those persons designated within this order and must be handled in the

17 manner set forth below and, in any event, must not be used for any purpose other than in

18 connection with this litigation, unless and until such designation is removed either by

19 agreement of the parties, or by order of the Court.

20    8.    Information designated "CONFIDENTIAL - FOR COUNSEL ONLY" must

21 be viewed only by counsel (as defined in paragraph 3) of the receiving party, and by

22 independent experts under the conditions set forth in this Paragraph. The right of any

23 independent expert to receive any confidential information will be subject to the advance

24 approval of such expert by the producing party or by permission of the Court. The party

25 seeking approval of an independent expert must provide the producing party with the name

26 and curriculum vitae of the proposed independent expert, and an executed copy of the form

27 attached hereto as Exhibit A, in advance of providing any confidential information of the

28 producing party to the expert. Any objection by the producing party to an independent

1   expert receiving confidential information must be made in writing within fourteen (14)

2   days following receipt of the identification of the proposed expert. Confidential

3   information may be disclosed to an independent expert if the fourteen (14) day period has

4   passed and no objection has been made. The approval of independent experts must not be

5   unreasonably withheld.

6        9.     Information designated "confidential" must be viewed only by counsel (as

7   defined in paragraph 3) of the receiving party, by independent experts (pursuant to the

8   terms of paragraph 8), by court personnel, and by the additional individuals listed below,

9   provided each such individual has read this Order in advance of disclosure and has agreed

10   in writing to be bound by its terms:

11        a)     Executives who are required to participate in policy decisions with reference

12               to this action;

13        b)     Technical personnel of the parties with whom Counsel for the parties find it

14               necessary to consult, in the discretion of such counsel, in preparation for trial

15               of this action; and

16        c)     Stenographic and clerical employees associated with the individuals identified

17               above.

18        10.    With respect to material designated "CONFIDENTIAL" or

19   "CONFIDENTIAL – FOR COUNSEL ONLY," any person indicated on the face of the

20   document to be its originator, author or a recipient of a copy of the document, may be

21   shown the same.

22        11.    All information which has been designated as "CONFIDENTIAL" or

23   "CONFIDENTIAL -FOR COUNSEL ONLY" by the producing or disclosing party, and

24   any and all reproductions of that information, must be retained in the custody of the counsel

25   for the receiving party identified in paragraph 3, except that independent experts authorized

26   to view such information under the terms of this Order may retain custody of copies such

27   as are necessary for their participation in this litigation.

28   / / /

12.     Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as confidential information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal.

13.     At any stage of these proceedings, any party may object to a designation of the materials as confidential information. The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The materials at issue must be treated as confidential information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

14.     All confidential information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving confidential information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If confidential information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

15.     No party will be responsible to another party for disclosure of confidential information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

16.      If a party, through inadvertence, produces any confidential information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the

document or thing produced is deemed confidential information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" - SUBJECT TO PROTECTIVE ORDER.

17.    Nothing within this order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

18.    Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as confidential information, provided that the contents of the information must not be disclosed.

19.    This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of confidential information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

20.    Nothing within this order will be construed to prevent disclosure of confidential information if such disclosure is required by law or by order of the Court.

21.    Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all confidential information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs,

1  memoranda, motions, and other documents filed with the Court that refer to or incorporate

2  confidential information, and will continue to be bound by this Order with respect to all

3  such retained information. Further, attorney work product materials that contain

4  confidential information need not be destroyed, but, if they are not destroyed, the person

5  in possession of the attorney work product will continue to be bound by this Order with

6  respect to all such retained information.

7         22.    The restrictions and obligations set forth within this order will not apply to

8  any information that: (a) the parties agree should not be designated confidential

9  information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the

10  parties agree, or the Court rules, has become public knowledge other than as a result of

11  disclosure by the receiving party, its employees, or its agents in violation of this Order; or

12  (d) has come or will come into the receiving party's legitimate knowledge independently

13  of the production by the designating party. Prior knowledge must be established by pre-

14  production documentation.

15         23.    The restrictions and obligations within this order will not be deemed to

16  prohibit discussions of any confidential information with anyone if that person already has

17  or obtains legitimate possession of that information.

18         24.    Transmission by email or some other currently utilized method of

19  transmission is acceptable for all notification purposes within this Order.

20         25.    This Order may be modified by agreement of the parties, subject to approval

21  by the Court.

22         26.    Nothing shall be filed under seal, and the Court shall not be required to take

23  any action, without separate prior order by the Judge before whom the hearing or

24  proceeding will take place, after application by the affected party with appropriate notice

25  to opposing counsel. The parties shall follow and abide by applicable law, including Civ.

26  L.R. 79.2, ECF Administrative Policies and Procedures, Section II.j, and the chambers'

27  rules, with respect to filing documents under seal.

28  / / /

27.     The Court may modify the terms and conditions of this Order for good cause, in the interests of justice, for public policy reasons, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

IT IS SO ORDERED.

Dated:  July 29, 2022

Hon. Karen S. Crawford
United States Magistrate Judge